Insurance Commissioner
ACCEPTED SOP

OCT 1 1 2018

TIME: 2 pm

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

WHITNEY EQUIPMENT CO., INC., a
Washington corporation,

               Plaintiff,

     v.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, a Connecticut
corporation,

               Defendant.

NO. 18-2-25175-3 SEA

COMPLAINT

Whitney Equipment Co., Inc. ("Whitney"), by and through its attorneys, Ashbaugh

Beal, for its Complaint alleges as follows:

## I.  PARTIES

1.     Plaintiff Whitney is a Washington corporation transacting business in King

County, Washington at all times relevant to this lawsuit.

2.     Defendant Travelers Casualty and Surety Company of America ("Travelers")

is a Connecticut corporation transacting business in King County, Washington at all times

relevant to this lawsuit.

COMPLAINT - 1

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

## II. JURISDICTION AND VENUE

3.      The court has jurisdiction over the parties and the subject matter of this action.

4.      Venue is proper in King County, Washington.

## III. FACTUAL BACKGROUND

5.      Travelers issued Whitney insurance policy No. 105563693 (the "Policy").

6.      The Policy contains "Fidelity" coverage, a coverage which explicitly covers "employee theft."

7.      Pursuant to the "Fidelity" coverage, Travelers promised to insure Whitney as follows:

> The Company will pay the Insured for the Insured's direct loss of, or direct loss from damage to, Money Securities, and Other Property directly caused by Theft or Forgery committed by an Employee, whether identified or not, acting alone or in collusion with other persons.

With respect to the above-quoted coverage grant, the Policy defines "Theft" as "the intentional unlawful taking of Money, Securities, and Other Property to the insured's deprivation."

8.      In 2017, Whitney discovered that its financial controller, Patty Davis, had been illegally using her company credit card for personal expenses. Ms. Davis confessed to her illegal use and was terminated.

9.      Months later it was discovered that Ms. Davis also created false accounts and/or manipulated accounts to make Whitney appear much more profitable than it actually was. These accounts were created/manipulated in 2016 and 2017, almost immediately before the Whitney leadership team was to decide whether or not to award profit-based bonuses to its employees (which included Ms. Davis and several of her family members), and/or provide

COMPLAINT - 2

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1   its employees with a profit-based company-paid vacation (another benefit which accrued to

2   Ms. Davis and her family).

3        10.   As the direct result of Ms. Davis's intentional manipulation of Whitney's

4   books in order to take ill-gotten bonuses/vacation for herself and her family, Whitney did, in

5   fact, issue profit-based bonuses and provide a company-paid vacation to Ms. Davis, her

6   family, and the rest of Whitney's employees. Neither the bonuses nor the company vacation

7   would have been paid for by Whitney but for Ms. Davis's unlawful actions.

8        11.   Because Ms. Davis's actions were (1) intentional and (2) an unlawful taking

9   of money (3) to Whitney's deprivation, Whitney made claim to Travelers under the

10  "Fidelity" coverage portion of the Policy. In conjunction with its claim, Whitney hired a

11  forensic accounting firm, Veritas Forensic Reporting & Economics, to review and report on

12  Ms. Davis's manipulation of Whitney's financial records. Veritas's findings were timely

13  provided to Travelers.

14       12.   Rather than conduct a reasonable investigation (as required by Washington

15  common law and Washington Administrative Code § 284-30-330(4)), Travelers simply

16  reviewed Veritas's work product and then denied the vast majority of Whitney's claim. This

17  required Travelers to make unsound inferences from the information given to it, and to

18  literally make up "facts" to form the predicate for its denial because it had not actually

19  obtained facts through normal investigation activities. By way of example of Travelers'

20  failure to investigate, Travelers did not even interview anyone at Whitney relative to the

21  losses caused by Ms. Davis.

22       13.   Travelers' denial also brazenly asserted that while "it is clear that Ms. Davis

23  manipulated WEC's financials … [w]hat motivated Ms. Davis is unclear." This assertion was

24

COMPLAINT - 3

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

(1) outrageous and (2) demonstrable evidence of Travelers preferring its own economic interests to those of its insured. To the Association's knowledge Ms. Davis was not interviewed by Travelers and is an admitted thief who manipulated Whitney's books immediately before Whitney was set to provide (or not provide) company bonuses to Ms. Davis and her family and/or a company-paid vacation to Ms. Davis and her family. It is clear as day what motivated Ms. Davis: taking unlawful bonuses and company-paid vacation from Whitney. Furthermore, if Travelers was unsure of her motive, it should have at the very least talked with Whitney as well as with Ms. Davis/her counsel before making unfounded assumptions.

14. On August 16, 2018, Whitney sent notice of its intent to assert an Insurance Fair Conduct Act ("IFCA") cause of action against Travelers.

15. On September 5, 2018, Travelers responded to Whitney's IFCA notice by denying Whitney's claim once again. This denial was no better than Travelers' first. Among other things, the second denial relies wholly on out-of-state, factually inapposite case law in order to assert that Ms. Davis did not unlawfully take money from Whitney despite her fraudulent scheme to do exactly this.

## IV.   CLAIM NO. 1:   BREACH OF CONTRACT

16. Whitney repeats and realleges each and every preceding paragraph as though fully set forth herein.

17. Travelers' actions and inactions constitute breaches of the applicable insurance policy sold by Travelers to Whitney. As a result, Whitney incurred and is entitled to recover breach-of-contract damages in an amount to be proven at trial.

COMPLAINT - 4

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1

**V.   CLAIM NO. 2:  BREACH OF DUTY OF GOOD FAITH**

2      18.     Whitney repeats and realleges each and every preceding paragraph as though

3   fully set forth herein.

4      19.     Travelers' actions and inactions were unreasonable and, therefore, in bad

5   faith. As a result, Whitney has been directly and proximately damaged in an amount to be

6   proven at trial.

7          **VI. CLAIM NO. 3:  NEGLIGENCE**

8      20.     Whitney repeats and realleges each and every preceding paragraph as though

9   fully set forth herein.

10     21.     Travelers' conduct as described herein violates the standard of care applicable

11  to insurers' handling of claims. Accordingly, Whitney asserts a separate and independent

12  cause of action based on negligence pursuant to *First State Ins. Co. v. Kemper Nat'l Ins. Co.*,

13  94 Wn. App. 602 (1999). Travelers' negligence has directly and proximately caused damages

14  to Whitney in an amount to be proven at trial.

15     **VII.   CLAIM NO. 4:  INSURANCE FAIR CONDUCT ACT**

16     22.     Whitney repeats and realleges each and every preceding paragraph as though

17  fully set forth herein.

18     23.     More than 20 days have passed since Whitney sent statutory notice to

19  Travelers of its intent to assert an IFCA cause of action against Travelers. Accordingly, and

20  because Travelers has unreasonably denied Whitney's claim for coverage/payment of

21  benefits and committed numerous violations of the Washington Administrative Code,

22  Whitney is entitled to a recovery under the Insurance Fair Conduct Act (RCW 48.30.015) for

23

24

COMPLAINT - 5

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1    its actual damages, attorneys' fees, litigation costs, and expert witness fees. Additionally,

2    Whitney should be awarded three times its actual damages pursuant to RCW 48.30.015(3).

3                   VIII.   **CLAIM NO. 5:  CONSUMER PROTECTION ACT**

4         24.    Whitney repeats and realleges each and every preceding paragraph as though

5    fully set forth herein.

6         25.    Travelers' actions and inactions constitute per se and non-per se deceptive

7    acts and practices under Washington's Consumer Protection Act, RCW § 19.86 *et seq*. As a

8    result, Whitney is entitled to recover under the Consumer Protection Act its actual damages

9    and attorneys' fees, as well as treble its actual damages up to $25,000 per violation.

10                   IX. **PRAYER FOR RELIEF**

11   WHEREFORE, Whitney prays for judgment in its favor against Travelers as follows:

12        1.    For damages in an amount to be proven at trial;

13        2.    For declaratory relief;

14        3.    For an award of attorneys' fees, expert costs, and other costs incurred;

15        4.    For treble Whitney's actual damages pursuant to RCW 48.30.015(3);

16        5.    For treble damages under the Consumer Protection Act up to the statutory

17   maximum; and

18        6.    For such other and further relief as the Court deems just and equitable.

19        DATED this 8th day of October, 2018.

20                                ASHBAUGH BEAL

21

22        By     s/ Tristan N. Swanson
                 Tristan N. Swanson, WSBA #41934
                 tswanson@ashbaughbeal.com
23               Attorneys for Plaintiff

24

COMPLAINT - 6                                    **Ashbaugh Beal**
                                                 701 FIFTH AVE., SUITE 4400
                                                 SEATTLE, WA 98104
                                                 T. 206.386.5900  F. 206.344.7400