# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

WHITNEY EQUIPMENT COMPANY, INC.,

    Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

    Defendant.

NO. C18-1634RSL

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL AND RELATED DATES

    This matter comes before the Court on plaintiff's "Motion to Continue Trial Date." Dkt. # 20. Plaintiff seeks a six month continuance of the trial and related case management dates, arguing that defendant took too long to produce documents in response to plaintiff's discovery requests.

    Because the applicable deadlines were established by the Court in its case management order, defendant must make the showing required by Fed. R. Civ. P. 16(b)(4) in order to obtain relief. Pursuant to that rule, case management deadlines "may be modified only for good cause and with the judge's consent." The case management orders in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 14 at 2. Rule

ORDER DENYING PLAINTIFF'S MOTION
TO CONTINUE TRIAL AND RELATED DATES - 1

16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension."
> Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

The case management order in this case was issued on December 19, 2018. The parties agreed that discovery could be completed by August 2019, and the Court established an August 4, 2019, discovery deadline and a December 2, 2019, trial date. Plaintiff served written discovery requests on February 25, 2019. Defense counsel's father died in early March, and he requested, and plaintiff (kindly and appropriately) granted, a ten day extension of the deadline for responding to the requests. Responses were timely served on April 8, 2019, but no documents were produced. Six weeks later, plaintiff inquired about the status of the production. All documents but one were produced the next day, May 24, 2019.[1]

---

[1] An eight page policy regarding defendant's guidelines ("best practices") for handling first-party claims was inadvertently omitted from the May production and was produced on June 28, 2019.

ORDER DENYING PLAINTIFF'S MOTION
TO CONTINUE TRIAL AND RELATED DATES - 2

On June 26, 2019, plaintiff inquired regarding defendant's willingness to stipulate to a continuance of the trial date so that the parties could file motions for partial summary judgment regarding coverage issues before engaging in discovery regarding the bad faith claim. Defendant refused, pointing out that plaintiff had opposed defendant's proposal for phased discovery and that the Court had sided with plaintiff on that issue. This motion was filed on July 3, 2019, one month before the discovery cutoff.

Plaintiff has not shown that it has been diligent in its efforts to complete discovery by the deadline established by the Court. Discovery regarding all matters was to be completed in less than eight months, yet plaintiff waited more than two months to serve its first requests. Defendant timely responded, but there were obvious deficiencies. Plaintiff waited another month and a half to contact defendant and obtain the missing documents. Plaintiff had all but one of defendant's documents by May 24, 2019, but there is no indication that plaintiff served any follow-up discovery, noted any depositions, or otherwise pursued discovery as the August 4th cutoff approached. The record before the Court suggests that plaintiff sat idle for almost six of the eight months that were dedicated to discovery. This is not diligence, and plaintiff is not entitled to relief under Rule 16(b).

For all of the foregoing reasons, plaintiff's motion to continue the case management deadlines in the above-captioned matter is DENIED.

Dated this 26th day of July, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
TO CONTINUE TRIAL AND RELATED DATES - 3